**In re WIRELESS TELEPHONE SERVICES ANTITRUST LITIGATION**

**No. 1513.**

Judicial Panel on Multidistrict Litigation.

March 5, 2003.

TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the five actions listed on the attached Schedule A and pending, respectively, in the Northern District of California, the Northern District of Illinois, the District of Massachusetts, the Southern District of New York, and the Southern District of Texas. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants

---

* Judges Selya, Motz, and Miller took no part in the decision of this matter. In light of the fact that the other four members of the Panel could be members of the putative class(es) in this litigation, each of those members has filed with the Clerk of the Panel a formal renunciation of any claim that he or she might have as a putative class member thereby removing any basis for a disqualification

on that ground. Alternatively, should it be determined for any reason that a disqualification survives the renunciation of any claim, the Panel invokes the Rule of Necessity to decide the matters now before it on the authority of, and for the reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357–58 (J.P.M.L.2001).

AT & T Wireless Services, Inc.; Sprint Spectrum, L.P.; Voicestream Wireless Corporation now known as T–Mobile USA, Inc.; and their affiliated entities for coordinated or consolidated pretrial proceedings of these actions in the Southern District of New York. All plaintiffs filed a joint response to the motion; plaintiffs do not oppose the motion for transfer and agree with the defendants that, if the Panel grants the motion, the appropriate transferee district is the Southern District of New York. Defendants Cellco Partnership d/b/a Verizon Wireless and Cingular Wireless LLC and their affiliated entities also support centralization of the five actions in the Southern District of New York; these defendants also suggest the Northern District of Illinois as a potential transferee district for this litigation.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions bring virtually identical federal antitrust claims against the five leading national wireless telephone carriers on behalf of overlapping classes of purchasers. More specifically, plaintiffs allege that the defendants wrongfully tied the sale of wireless telephone services to the sale of telephone handsets and monopolized the market for sales of handsets to their respective subscribers. Plaintiffs in all five actions also seek similar relief including an injunction prohibiting the alleged wrongful conduct, monetary damages for the alleged injuries and overcharges, trebling of damages, and attorneys' fees and costs. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification;

and conserve the resources of the parties, their counsel and the judiciary.

The Southern District of New York stands out as an appropriate transferee forum for this litigation. We note that i) all plaintiffs and defendants support transfer to this district, and ii) the amended complaint filed in this district includes the broadest class claims of any of the pending actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Denise Cote for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

## SCHEDULE A

*MDL–1513—In re Wireless Telephone Services Antitrust Litigation*

*Northern District of California*

*Paula Truong, et al. v. AT & T Wireless PCS, LLC, et al.,* C.A. No. 3:02–4580

*Northern District of Illinois*

*Stephen T. Beeler, et al. v. AT & T Cellular Services, Inc., et al.,* C.A. No. 1:02–6975

*District of Massachusetts*

*Andrew Millen, et al. v. AT & T Wireless PCS, LLC, et al.,* C.A. No. 1:02–11689

*Southern District of New York*

*Wireless Consumers Alliance, Inc., et al. v. AT & T Cellular Services, Inc., et al.,* C.A. No. 1:02–2637

*Southern District of Texas*
*Ana Morales, et al. v. AT & T Wireless PCS, et al.,* C.A. No. 5:02–120